UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80148-CIV-MARRA/JOHNSON

EDWARD NEUBARTH,

Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss (DE 8). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

According to the allegations of the Complaint, Plaintiff Edward Neubarth ("Plaintiff") was an employee of the Leukemia & Lymphoma Society. (Compl. ¶ 5.) During his employment, Plaintiff was a participant in the Leukemia & Lymphoma Disability Plan ("Plan") underwritten by Defendant Hartford Life and Accident Insurance Company ("Defendant"). (Compl. ¶ 6.) As a plan participant, Plaintiff was entitled to receive disability benefits under the Plan if he met the definition of disability. (Compl. ¶ 9.) The Plan provides in pertinent part:

> Disability or Disabled means that during the Elimination Period, and for the next 36 months you are prevented by:
>
> 1. Accidental bodily injury;
> 2. Sickness;
> 3. Mental Illness;

    4. Substance Abuse; or
    5. Pregnancy;

from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are no more than 80% of your Indexed Pre-Disability Earnings.

After that, you must be so prevented from performing one or more of the Essential Duties of Any Occupation.

Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation does not alone mean that you are Disabled.

**Essential Duty** means a duty that:

1. is substantial, not incidental;
2. is fundamental or inherent to the occupation; and
3. can not be reasonably omitted or changed.

To be at work for the number of hours in your regularly scheduled workweek is also an Essential Duty.

**Your Occupation**, if used in this Booklet-certificate, means your occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job you are performing for a specific employer or at a specific location.

**Any Occupation** means an occupation for which you are qualified by education, training or experience, and that has an earnings potential greater than an amount equal to the lesser of the product of your Indexed Pre-Disability Earnings and the Benefit Percentage and the Maximum Monthly Benefit shown in the Schedule of Insurance.

**Indexed Pre-disability Earnings** when used in this policy means your Pre-disability Earnings adjusted annually by adding the lesser of:

1. 10% or the percentage change in the Consumer Price Index (CPI-W).

(Compl. ¶ 10.)

    Plaintiff became disabled on November 30, 2007 due to "post-traumatic brain injury, severe sleep disorder, chronic headaches, thalamo-cortical dysrhythmia, Gastrioparesis, chronic

neck and back injuries and pain, nausea, noise in head and ears (tinnitus), and constant fatigue as a result of a severe automobile accident." (Compl. ¶ 13.)  As a result, Plaintiff filed a claim for disability benefits under the Plan, which Defendant approved. (Compl. ¶ 14.)  Subsequently, Defendant asserted that Plaintiff's social security disability benefits were an offset to the Plan benefits and demanded immediate repayment of said monies, to which Plaintiff complied. (Compl. ¶ 18.)  On or about March 4, 2009, Defendant terminated Plaintiff's disability benefits pursuant to the Plan. (Compl. ¶ 20.)  Plaintiff appealed that decision, but Defendant upheld its denial of benefits. (Compl. ¶ 21.)

On February 4, 2011, Plaintiff filed his one-count Complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Specifically, Plaintiff brings a claim entitled "Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)" against Defendant. Plaintiff seeks a declaratory judgment, an award for all benefits due under the terms of the Plan, "disgorgement of any profits or gain by Defendant [ ] as a result of the wrongful action(s) alleged," "an award of an equitable distribution of any profits or gain as a result of the Court's order of disgorgement" and reasonable costs and attorney's fees. (Compl. at 8-9.)

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

Defendant moves to dismiss Plaintiff's requests for disgorgement and equitable distribution on the basis that these remedies are not available pursuant to 29 U.S.C. § 1132(a)(1)(B). Furthermore, Defendant contends that the ERISA provision that would allow for this relief (i.e., section 1132(a)(3)) is a provision of ERISA that may only be invoked when a plaintiff has no other available remedy under ERISA. (Mot. at 3-4.) In response, Plaintiff likens the request for disgorgement of profits to a request for pre-judgment interest to be awarded on past due benefits, which is appropriately brought under section 1132(a)(1)(B). Plaintiff also contends that the request for disgorgement should not be dismissed prior to discovery.

The Court begins its analysis by observing that ERISA is a "comprehensive and

reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209 (2002) (internal quotation marks omitted). ERISA's "carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly" and courts are therefore "reluctant to tamper with [the] enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text." Id. (internal quotation marks omitted).

Section 1132(a)(1)(B) authorizes a participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); see Heffner v. Blue Cross and Blue Shield of Alabama, 443 F.3d 1330, 1338 (11th Cir. 2006); Jones v. American General Life and Accident Ins. Co., 370 F.3d 1065, 1069 (11th Cir. 2004).  In other words, this statutory provision provides for contract-based causes of action. See Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1014 (11th Cir. 2003) (section 1132(a)(1)(B) claims are "essentially contract claims"); Jones, 370 F.3d at 1069 (remedies available under section 1132(a)(1)(B) are akin to common law breach of contract causes of action).  As such, courts are "reluctant . . . to imply benefits into the terms of . . . [a] plan where such benefits are not expressly designated." Green v. Holland, 480 F.3d 1216, 1223 (11th Cir. 2007); see Flint v. ABB, Inc., 337 F.3d 1326, 1329 (rejecting a stand-alone claim for interest on past-due benefit payment when the plan did not so provide); Godfrey v. Bellsouth Telecomms., Inc., 89 F.3d 755, 761 (11th Cir. 1996) (section 1132(a)(1)(B) does not provide for "extra-contractual or punitive damages").

Here, Plaintiff seeks disgorgement of profits and equitable distribution.  Noticeably

5

absent from Plaintiff's response memorandum is any indication that the Plan contains a provision supporting such an award.  Moreover, based upon the foregoing precedent, there is no legal basis to allow for disgorgement and equitable distribution pursuant to section 1132(a)(1)(B), when the Plan does not so provide.  See Howard v. Hartford Life & Accident Ins. Co., — F. Supp. 2d —, 2011 WL 1458655, at * 4 (M.D. Fla. Mar. 31, 2011).

Despite the fact that Plaintiff brings his claim pursuant to section 1132(a)(1)(B), Plaintiff points to an Eighth Circuit case that addresses disgorgement of profits pursuant to section 1132(a)(3). (Resp. at 5-6 citing Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999 (8th Cir. 2004).)   Plaintiff, however, does not bring a claim pursuant to this provision, nor does Plaintiff seek to do so. (Resp. at 6.)  Significantly, section 1132(a)(3) claims, which authorizes plan participants to bring suit for equitable relief, is a "catchall" provision that may only be invoked when a plaintiff has no "other available remedy" under ERISA.  Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1088-89 (11th Cir. 1999).

Next, Plaintiff contends that section 1132(a)(1)(B) claims cannot be likened to contract claims because they are "equitable in nature." (Resp. at 4 quoting Hunt v. Hawthorne Assocs., Inc., 119 F.3d 888, 907-08 (11th Cir. 1997).)  In Hunt, the Court identified the plaintiff's claim for plan benefits as an equitable claim in contrast to an action for a money judgment. Id. ("The nature of an action under section 1132(a)(1)(B) is for the enforcement of the ERISA plan.") Nothing in Hunt, however, suggested that a plaintiff may seek remedies outside the terms of the plan.

Equally unpersuasive is Plaintiff's contention that his "claim for disgorgement of profits is akin to his claim for interest on benefits owed" and thus properly brought under section

1132(a)(1)(B). To be sure, the Eleventh Circuit permits an award of prejudgment interest, even if a plan does not specifically provide for such interest, because "[t]he award of an amount of prejudgment interest in an ERISA case is a matter committed to the sound discretion of the trial court." Green, 480 F.3d at 1224 n.4 (quoting Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala., 41 F.3d 1476, 1484 (11th Cir.1995)); see Smith v. Am. Int'l Life Assurance Co. of N.Y., 50 F.3d 956, 957 (11th Cir.1995). But unlike an award of prejudgment interest, there is no authority permitting disgorgement under section 1132(a)(1)(B).

Lastly, Plaintiff's assertion that his request for disgorgement should not be dismissed because "discovery has not been held on this issue" (Resp. at 8.) is unavailing. Whether disgorgement is permitted under section 1132(a)(1)(B) is a question of law. Therefore, discovery would not shed any light on this issue.[1] See Chadasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("[f]acial challenges to the legal sufficiency of a claim or defense . . . should . . . be resolved before discovery begins [since] [s]uch a dispute always presents a purely legal question.")

For the foregoing reasons, the Court grants the motion to dismiss on the basis that Plaintiff cannot seek disgorgement of profits under count one of the Complaint.

---

[1] In so ruling, the Court chooses not to follow Johnson v. Hartford Life & Acc. Ins. Co., No. 10-60347-CIV-ZLOCH (S.D. Fla. Jan. 5, 2011) as urged by Plaintiff.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss (DE 8) is **GRANTED** with respect to Plaintiff's request in the Complaint for any disgorgement of profits or gain by Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of June, 2011.

_____
KENNETH A. MARRA
United States District Judge